MANATT, PHELPS & PHILLIPS, LLP
John W. McGuinness, (Bar No. CA 277322)
*jmcguinness@manatt.com*
2049 Century Park East
Suite 1700
Los Angeles, CA  90067
Telephone:   310.312.4000
Facsimile:   310.312.4224

MANATT, PHELPS & PHILLIPS, LLP
Scott T. Lashway (*pro hac vice* to be filed)
*slashway@manatt.com*
Matthew M.K. Stein (*pro hac vice* to be filed)
*mstein@manatt.com*
177 Huntington Ave.
Suite 2500
Boston, MA  02115
Telephone:   617.646.1400
Facsimile:   617.646.1484

Attorneys for Defendant
GUITAR CENTER, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY STREHL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GUITAR CENTER, INC.,<br><br>Defendant. | Case No.  2:23-cv-2603<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed:     Mar. 2, 2023 |

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Guitar Center, Inc. ("Guitar Center"), by and through its counsel, removes the above-titled action (the "Action") to this Court from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This removal is based on the following grounds:

## I.    PROCEDURAL BACKGROUND

1. On March 2, 2023, Plaintiff Geoffrey Strehl ("Plaintiff") filed the unverified putative class action complaint attached as **Exhibit A** in the Superior Court of the State of California, County of Los Angeles, captioned *GEOFFREY STREHL, individually and on behalf of all others similarly situated v. GUITAR CENTER, INC.*, Case No. 23STCV03275 (the "Complaint").

2. The Complaint alleges two causes of action: (1) Violations of California Invasion of Privacy Act, Cal. Penal Code § 631; and (2) Violations of Pennsylvania Wiretapping and Electronic Surveillance Act, 18 Pa. Cons. Stat. § 5701 *et seq.*

3. Plaintiff served Guitar Center with the Complaint on March 7, 2023. Pursuant to 28 U.S.C. § 1446(a), **Exhibit B** contains "a copy of all process, pleadings, and orders served upon" Guitar Center in this Action.

## II.    REMOVAL IS TIMELY

4. Title 28 U.S.C. § 1446 states: "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal" and that "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

2                NOTICE OF REMOVAL

the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

5.     This Notice Of Removal is filed within thirty days of receipt of the Complaint and Summons:  Guitar Center was served with the Complaint and Summons by email on March 7, 2023.  *See* 28 U.S.C. § 1446(b)(2)(B).

6.     No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III.     THIS COURT HAS ORIGINAL JURISDICTION

7.     Removal is proper pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the Action.[1]  Title 28 U.S.C. § 1441 states:  "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Further, 28 U.S.C. § 1453 states:  "A class action may be removed to a district court of the United States."

8.     This Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action (a) that is a class action with a putative class of at least 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d).[2]

---

[1]     "The violation of CIPA § 631(a) constitutes an invasion of privacy sufficient to confer Article III standing." (Compl. ¶ 53.)

[2]     Guitar Center denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and his prayers for relief, all requirements for jurisdiction under CAFA have been met.

### A.    This Action Is A Putative Class Action

9.    This action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2). "Class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

10.    The Complaint seeks relief on behalf of a class under California Code of Civil Procedure § 382 (Compl. ¶ 33) and seeks class certification.  (*Id.* at 14.)

11.    California Code of Civil Procedure § 382 provides in part that "when the question is one of a common or general interest, of many persons, or when the parties are so numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."  Section 382 is a California state analog to Federal Rule of Civil Procedure 23.  *See, e.g.*, *Huckleby v. Manpower, Inc.*, No. CV 10-5486 DSF (FFMx), 10 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010).

12.    The Complaint is styled as a class action.  (Compl. at 9-10.)  Plaintiff seeks to represent a class defined to consist of "all persons who used the Chat function on the Guitar Center website," and a sub-class defined to consist of " all Pennsylvania residents who used Salesforce's Chat function on the Guitar Center website while in Pennsylvania."  (*Id.* ¶¶ 33-34.)  Each cause of action is alleged on a class-wide basis and seeks class-wide relief.  (*Id.* ¶¶ 43, 54, 56, 65.)[3]

13.    This action is therefore a putative class action removable under 28 U.S.C. § 1332(d)(2).[4]

---

[3]    Guitar Center does not concede that a class may be properly certified in this action, or that any of the requirements of Rule 23 have been met or proven (including Rule 23(a)'s numerosity requirement).  Rather, Guitar Center offers these numbers solely to place certain facts before the Court that are relevant to evaluating whether the number of members of Plaintiff's putative class "is less than 100."  28 U.S.C. § 1332(d)(5)(B).

[4]    Guitar Center does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this Action can properly proceed as a

**B.    The Putative Class Has At Least 100 Members**

14.    There are at least one hundred members of the proposed class, as required by 28 U.S.C. § 1332(d)(5)(B).

15.    Plaintiff brings this class action and alleges that the class consists of: (a) "all persons who used the Chat function on the Guitar Center website"; and (b) "all Pennsylvania residents who used Salesforce's Chat function on the Guitar Center website while in Pennsylvania." (Compl. ¶¶ 33-34.)  Plaintiff alleges that that proposed class members "number in the thousands."[5] (Compl. ¶ 36.)

16.    Thus, CAFA's requirement that the putative class consist of 100 or more individuals is satisfied.

**C.    Diversity Of Citizenship Exists**

17.    There is minimal diversity between the parties, as required by 28 U.S.C. § 1332(d)(2).

18.    Plaintiff alleges he is a citizen of Pennsylvania. (Compl. ¶ 4.)

19.    Defendant Guitar Center is a citizen of Delaware and California:  it is incorporated in Delaware, and its principal place of business -- its corporate headquarters -- is in California.[6] 28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 5.

20.    Consequently, a member of the proposed plaintiff class is a citizen of a state (Pennsylvania) different from that of Defendant (Delaware and California).

---

class action.  Guitar Center does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable law.

[5]    Guitar Center does not concede that a class may be properly certified in this action, or that any of the requirements of Rule 23 have been met or proven (including Rule 23(a)'s numerosity requirement).  Rather, Guitar Center offers these numbers solely to place certain facts before the Court that are relevant to evaluating whether the number of members of Plaintiff's putative class "is less than 100." 28 U.S.C. § 1332(d)(5)(B).

[6]    Even though Guitar Center is a citizen of California, it may still remove this action: "A class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b).

**D.    The Amount In Controversy Exceeds $5,000,000**

21.    The amount in controversy, aggregated from all putative class members (*see* 28 U.S.C. § 1332(d)(6)) exceeds $5 million.

22.    The Complaint seeks statutory damages under Cal. Penal Code § 632.7 of $5,000 per violation.  (Compl. ¶ 54.)

23.    Because the Complaint alleges that the putative class "numbers in the thousands," Guitar Center assumes that the class, as alleged, contains at least 2,000 class members.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (the allegation "a class of 'thousands of persons'" implies "a logical minimum of 2,000 class members") (citation omitted).  Assuming that the putative class has at least 2,000 members, and each putative class member has used the Chat function on the Guitar Center website at least once, the amount in controversy is at least $10,000,000.

24.    Therefore, the amount in controversy with regard to Plaintiff's claimed statutory damages exceeds $5 million.[7]

**IV.    THIS COURT IS THE PROPER VENUE**

25.    Finally, this Court is the proper venue.  28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  This Court is in the "district and division embracing" Los Angeles County.  28 U.S.C. § 84(c)(2).  Therefore, venue properly lies in his Court.

---

[7]    Guitar Center denies that it is liable to Plaintiff or the putative class, and that Plaintiff or the putative class is entitled to any damages.  Further, Guitar Center does not endorse anything herein as representing Plaintiff's or the putative class's "damages" or as representing a proper "measure of damages," or a proper time period for damages.  Guitar Center offers this data solely to place certain facts before the Court that are relevant to evaluating the amount that the Complaint -- with its broad allegations and broad class definition -- puts "in controversy."

## V.   **NOTICE**

26.    Guitar Center will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the Action is pending, as required under 28 U.S.C. § 1446(d).

## VI.   **CONCLUSION**

27.    Based on the foregoing, Guitar Center requests that this Action be removed to this Court. If any question arises as to the propriety of the removal of this Action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated:      April 6, 2023        Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ John W. McGuinness*
      John W. McGuinness

Attorney for Defendant
GUITAR CENTER, INC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

7          NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

### *Geoffrey Strehl, Individually And On Behalf Of All Others Similarly Situated v. Guitar Center, Inc.*

I am at least eighteen years of age and not a party to the above-captioned action. My business address is MANATT, PHELPS & PHILLIPS, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067. My electronic notification email address is lhatch@manatt.com.

On **April 6, 2023**, as required by and in accordance with the Federal Rules of Civil Procedure and applicable court rules and orders, I caused service of the following document, which was filed today on the Court's CM/ECF docket:

### NOTICE OF REMOVAL

Said document was served upon Plaintiff through the United States mail, by having such document placed in a sealed envelope, with postage paid thereon fully prepaid for first class mail, for collection and mailing at 2049 Century Park East, Suite 1700, Los Angeles, California 90067 following ordinary business practices, which I understand to be as follows:

| | |
|---|---|
| **BURSOR** & **FISHER, P.A.**<br>L. Timothy Fisher, Esq.<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-mail: ltfisher@bursor.com | *Attorney for Plaintiff* |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **April 6, 2023**, at Los Angeles, California.

_____
Lorna Hatch